UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BALJEET BALJEET,

Petitioner,

v. Case No. 3:26-cv-2872-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Baljeet Baljeet, an immigration detainee, is proceeding through counsel on a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition), filed October 22, 2026. See generally Petition. Baljeet is a citizen of India who was temporarily detained at the border on April 7, 2023, and released on his own recognizance three days later. Id. at 1, 8. He subsequently filed an application for asylum, which is still pending. Id. at 9–10. On October 10, 2026, United States Immigration and Customs Enforcement re-detained him. Id. at 10. Baljeet raises various challenges to his immigration detention and seeks, inter alia, immediate release or, alternatively, an individualized bond hearing. See id. at 27.

The Federal Respondents filed a Response to Petition and Show Cause Order (Doc. 8; Response) asserting that they are now detaining Baljeet under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami. Response at 1; see 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Baljeet was detained in October 2026, see Petition at 10, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226, see Hernandez Alvarez, 175 F.4th at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Baljeet's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either

[1] Because the Court finds that Baljeet is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not

afford Baljeet an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Baljeet, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's request to be dismissed from the action as an improper respondent (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

---

address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Baljeet is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

lc36
c:
Counsel of Record